UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**      **CASE NO. 6:21-CR-00263-01**

**VERSUS**      **JUDGE JAMES D. CAIN, JR.**

**JARVIS PIERRE (01)**      **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the court is a Renewed Motion for Judgment of Acquittal [doc. 52] filed under Federal Rule of Criminal Procedure 29 by defendant Jarvis Pierre, seeking to set aside the jury verdict rendered in this matter on June 7, 2022. The government opposes the motion. Doc. 54.

### I.
### BACKGROUND

Mr. Pierre was indicted in this court on one count of Assaulting, Resisting, or Impeding Certain Officers or Employees, a violation of 18 U.S.C. § 111(a)(1). The charge related to allegations that he had attacked Deputy Tatum Trosclair, an employee of the St. Martin Parish Sheriff's Office who was engaged in the performance of his official duties, while Pierre was being housed at the St. Martin Parish Jail as a federal inmate pursuant to an agreement between that facility and the United States Marshals Service. Trial began on June 6, 2022, and the government's evidence included video of the assault and testimony from eyewitnesses and the investigating officer. Mr. Pierre also took the stand and

attempted to raise a defense of justification, testifying that he had been subjected to verbal abuse and threats from Trosclair and accusing all of the government's witnesses of lying.

Mr. Pierre made an oral motion for acquittal, which the court denied. Doc. 41. After brief deliberations, the jury returned a unanimous verdict of guilty on the charged offense. *Id.* The defense now renews its motion for acquittal, arguing that the government failed to carry its burden of (1) proving the charged offense, namely as it relates to whether Trosclair was assaulted while "engaged in or on account of the performance of official duties," and (2) disproving the defense of justification beyond a reasonable doubt. Doc. 52, att. 1. The government opposes the motion. Doc. 54.

## II.
## LAW & APPLICATION

Under Federal Rule of Criminal Procedure 29, the defendant may move for a judgment of acquittal at the close of the government's evidence. The court must grant the motion as to "any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Civ. P. 29(a). The defense may also renew such a motion within 14 days after a guilty verdict and the court may set aside the verdict and enter an acquittal if the defense sustains its burden. *Id.* at 29(c). On a challenge to sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Miles*, 360 F.3d 472, 476 (5th Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Mr. Pierre was charged with and convicted of 18 U.S.C. § 111(a)(1), which makes it a crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties[.]" Meanwhile, 18 U.S.C. § 1114 applies to

> any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance[.]

18 U.S.C. § 1114(a).

It is well-established that non-federal employees whose job duties require them to maintain custody of federal inmates under contract with the Department of Justice. *E.g.*, *United States v. Jacquez-Beltran*, 326 F.3d 661 (5th Cir. 2003). According to the Fifth Circuit Pattern Jury Instructions used in this matter:

> An officer or employee of the United States includes a state law enforcement officer acting in cooperation with, and under the control of, federal officers in a matter involving the enforcement of federal laws.
> It is not necessary to prove the defendant knew the person being forcibly assaulted was, at that time, an officer or employee of the United States carrying out an official duty, so as long as it is established beyond a reasonable doubt that the victim person assaulted was, in fact, an officer or employee of the United States acting in the course of his or her duty and that the defendant intentionally committed a forcible assault upon that officer.

Fifth Circuit Pattern Jury Instructions, Criminal, Instruction 2.07 (2019). An employee is not entitled to such protection, however, if he is "engaging in a personal frolic of his own" rather than "acting within the scope of what he was employed to do." *United States v. Lopez*, 710 F.2d 1071, 1074 (5th Cir. 1983) (cleaned up).

At trial the jury heard evidence of the agreement between the Department of Justice and the St. Martin Parish Sheriff's Office for the housing of federal inmates at the St. Martin Parish Jail. The jury also heard testimony establishing that Trosclair was delivering medications to Pierre when he was assaulted. Pierre maintains that Trosclair's decision to open the cell door rather than use the hatch established such negligence as to show that Trosclair was not acting within the scope of his official duties. The jury, however, was able to review this evidence and rationally conclude that Trosclair's manner of carrying out his assigned task did not set him upon a personal frolic. Accordingly, this argument provides no basis for acquittal.

As to justification, the defendant is only entitled to such an instruction if he first presents sufficient evidence on each element "for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988). In determining whether a defendant has made this threshold showing, the court must objectively evaluate the facts presented by the defense. *United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998). To prevail on the defense, the defendant must show by a preponderance of the evidence (1) that he was under an unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that he had not recklessly or negligently placed himself in a situation where he would likely be forced to choose the criminal conduct; (3) that he had no reasonable legal alternative to violating the law; and (4) that a reasonable person would believe that by committing the criminal action, he would directly avoid the threatened harm. Fifth Circuit Pattern Jury Instructions, Criminal, Instruction 1.38 (2019).

At trial the court declined to fully instruct the jury on justification, determining that Pierre had not made his threshold showing. Pierre challenges that decision, arguing that his testimony on verbal threats from Trosclair met his burden to both warrant an instruction and to show that his attack was justified. However, Pierre's testimony that he had been victimized by Trosclair and imminently feared an attack was contradicted by both the video evidence (showing Pierre charging an unsuspecting Trosclair) and his own statement to another officer that Trosclair was not even the intended target of his attack. These contradictions also show that no rational jury could have found that the defense was met even if they had been fully instructed on its elements. The failure to offer the instruction thus offers no basis for acquittal.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Renewed Motion for Acquittal [doc. 52] is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on the 1st day of September, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**